IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00003-CR

 

Scott Dale Densman,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 33,608

 



MEMORANDUM  Opinion










 

            Scott Dale Densman was convicted of possession
of a controlled substance.  He filed a notice of appeal.  He has now filed a
Motion to Dismiss Appeal requesting this Court to withdraw the notice of appeal
and dismiss the appeal.  Densman personally signed the Motion to Dismiss.

            This appeal is dismissed.  Tex. R. App. P. 42.2(a).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed April 16, 2008

Do
not publish

[CR25]






r.
      Point one asserts that the trial counsel's failure to subpoena willing, beneficial, and favorable
witnesses for the penalty hearing amounted to constitutional ineffectiveness or incompetency, or
both; that concomitantly, but for counsel's error of omission, a reasonable probability existed that
the sentencing profile would have been altered, viz, the result of the proceeding would have been
different.
      Under this point, Appellant asserts that he was entitled to the effective assistance of counsel
at his sentencing hearing and that the "totality of representation" at the sentencing hearing denied
him effective assistance of counsel and entitles him to sentencing anew.
      In determining whether counsel was ineffective in the punishment phase of a criminal
proceeding, we must examine the totality of counsel's representation of the accused. Cruz v. Stall,
(Tex. Crim. App.) 739 S.W.2d 53, 58. The constitutional right to counsel does not mean
errorless counsel. Cruz, supra. Trial strategy will be reviewed by an appellate court only if the
record demonstrates that the action is without any plausible basis. Ex parte Ewing, (Tex. Crim.
App.) 570 S.W.2d 941, 945.
      Appellant bears the burden of proving counsel's representation was unreasonable under
prevailing professional norms and that the challenged action was not sound strategy. Moore v.
State, (Tex. Crim. App.) 694 S.W.2d 528, 531.
      We will examine Appellant's specific claims of trial counsel's ineffectiveness. Claim one
alleges that trial counsel failed to read the presentence report. Appellant wholly fails to prove by
a preponderance of the evidence that trial counsel did not read the presentence report. The record
reflects that trial counsel did have a copy of such report.
      Claim two alleges that trial counsel failed to read the indictment and refers to point two which
alleges the indictment did not confer jurisdiction. The indictment did confer jurisdiction. Studer
v. State, (Tex. Crim. App.) 799 S.W.2d 263, 271. The record does not reflect that trial counsel
did not read the indictment. The record does reflect that Appellant pled "guilty" to the indictment
with trial counsel present.
      Claim three alleges that trial counsel failed to speak to and subpoena five named witnesses. 
The first four were acquainted with Appellant through Waldrip High School and the fifth was
Appellant's physician. When trial counsel was retained by Appellant's family, he told them to get
letters from different people, who knew Appellant, stating that he was a good person. Appellant's
relatives spoke to each of the five named witnesses who submitted very favorable letters regarding
appellant's character. These letters were presented to the trial court. Although counsel did not
subpoena the five witnesses to testify at Appellant's sentencing hearing, that decision was a matter
of trial strategy. Counsel testified at hearing on Appellant's motion for a new trial that he chose
not to subpoena the five witnesses because the letters they wrote were very favorable and stood
on their own. Had the witnesses been called to testify, the State would have had the opportunity
to cross-examine them. The record here demonstrates a plausible basis for counsel's decision. 
Ex parte Ewing, supra. Although the five witnesses may have been available to testify at the
sentencing hearing, Appellant has not shown that their testimony would have contained more
favorable information than their letters already contained.
      Claim four alleges that trial counsel failed to prepare for the sentencing hearing. The record
does not support this very general allegation.
      Claim five alleges that trial counsel gave a "meandering and incoherent" argument at the close
of the sentencing hearing. Counsel argued that Appellant had never been in trouble before, that
this was a case for leniency, that Appellant was very young and that Appellant should be given an
opportunity to make a productive member of society. Without quoting counsel's complete
argument, we find that it was a good and professional argument.
      We conclude that Appellant has failed to prove by a preponderance of the evidence that trial
court counsel's representation constituted ineffective assistance. Point one is overruled.
      Point two asserts that the indictment did not confer jurisdiction on the trial court. The
indictment, in pertinent part, read:
[Appellant] heretofore on or about October 1, 1991, did then and there unlawfully, while
in the course of committing theft of property owned by Thomas Rangale and with intent
to obtain and maintain control of the property, intentionally and knowingly threaten and
place imminent bodily injury and death, and defendant did then and there use and exhibit
a deadly weapon, to-wit, a firearm.

      The indictment tracked the statute in all things except it did not allege the phrase "Thomas
Rangale in fear of" between the words "place" and "imminent" in the last few lines (see above).
      The indictment was sufficient to invest the trial court with jurisdiction. Studer, 799 S.W.2d
at 271. Moreover Appellant, by pleading guilty, waived the error of which he now complains. 
Point two is overruled.
      The judgment is affirmed.
 
                                                                                     FRANK G. McDONALD
                                                                                     Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish